UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE WINE GROUP LLC, | No. 2:10-cv-02204 MCE-KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| L. AND R. WINE COMPANY, et al., | |
| Defendants. | |

Plaintiff The Wine Group LLC ("Plaintiff") filed suit against Defendants L. and R. Wine Company and Alaby LLC (hereinafter "LR" and "Alaby", or collectively, "Defendants") for federal trademark infringement and unjust enrichment. Defendants have filed counterclaims, including cancellation of a registered trademark pursuant to 15 U.S.C. § 1064, declaration of noninfringement, federal trademark infringement, unfair competition, and unjust enrichment.

///
///

1

1  Plaintiff has answered, asserting eight affirmative defenses.[1]
2  Currently before this Court is Defendants' Motion to Strike
3  Plaintiff's Second Affirmative Defense pursuant to Federal Rule
4  of Civil Procedure 12(f).[2]  For the reasons set forth below,
5  Defendants' Motion to Strike is granted.[3]

**BACKGROUND**

Plaintiff owns a number of wine brands throughout the United States.  Plaintiff introduced the first five liter bag-in-a-box wine in the United States in 1983, under the brand name FRANZIA.  Plaintiff also filed for a trademark of a box design, which was assigned registration number 3,009,688.  The description of this mark stated it "consists of the configuration of an octagonal box for use as packaging for the goods."  However, the picture shows an octagonal shape, two sides of which are much longer than the other six.  Defendants assert that the shape presented in this trademark is not the shape used for their products, which is an equal-sided octagon.

///
///
///

---

[1] The defenses are only numbered up to seven, however, there are two defenses both listed as a fifth affirmative defense.

[2] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

2

1    In March 2009, Plaintiffs applied for a new trademark, and
2 the accompanying picture detailed an octagonal box with equal
3 sides.  The Patent Trademark Office ("PTO") assigned registration
4 number 3,800,596 to the design.  The design is also affiliated
5 with the term OCTAVIN (registration no. 3,775,740) which is
6 written on all packaging made with this shape.  The OCTAVIN box
7 design is currently being used to market and sell Plaintiff's
8 premium artisan wines.
9    In December 2009, LR received a Certificate of Label
10 Approval ("COLA") from the Department of the Treasury's Alcohol
11 and Tobacco Tax and Trade Bureau ("TTB") for an equal-sided
12 octagon-shaped box to sell a margarita flavored wine product
13 called Like No Other ("LNO").  According to Plaintiff,
14 Defendants' use constitutes trademark infringement of its
15 existing registered trademarks.
16    However, Defendant LR asserts that it was selling wine in
17 equal-sided octagon-shaped boxes as early as 2008.  Plaintiff
18 denies these assertions, and also contends that if any product
19 was sold in such a container it would have been in violation of
20 some TTB regulation.  However, the specific rule or regulation
21 that such use would be in violation of is not asserted or found
22 on the record.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**STANDARD**

Rule 12(f) authorizes the court to strike from a pleading any insufficient defense. Rule 8 requires that, when responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it. A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. <u>Barnes v. AT&T Pension Benefit Plan-NonBargained Program</u>, 718 F. Supp. 2d 1167, 1170 (9th Cir. 2010)(citing <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979)).

Prior to 2007, courts were only permitted to dismiss claims for relief when it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. <u>Id.</u> at 1171. See also <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957). However, as established in <u>Bell Atlantic v. Twombly</u>, while a plaintiff still does not need to provide detailed factual allegations, grounds for entitlement to relief require more than just labels and conclusions, and mere recitation of elements of a cause of action is not sufficient. 550 U.S. 544, 555 (2007). This year, the Ninth Circuit ruled that this heightened pleading standard also applies to affirmative defenses. <u>Barnes</u>, 718 F. Supp. 2d at 1172.

The process of determining if the pleading contains a plausible claim of relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

4

Courts are also "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). A pleading standard demands more than an unadorned accusation that a party acted unlawfully. Ashcroft, 129 S. Ct. at 1949. An assertion of illegality is nothing more than a legal conclusion, and is not entitled to an assumption of truth. Id. at 1950. However, a court may consider other documents of public record, including other pleadings and documents filed with the court, without ruling on the merits. Padilla v. Yoo, 633 F. Supp. 2d 1005, 1019 (9th Cir. 2009).

**ANALYSIS**

The issue before the Court is whether to strike one of Plaintiff's affirmative defenses. Plaintiff's second affirmative defense states that "any prior use by Defendant was not lawful use and is not a proper basis for asserting claims against Plaintiff". (Ans. to Counterclaims 5, ECF No. 14.) Based on the pleadings, Defendants appear to understand that Plaintiff alleges LR's use of the Taramend wine labels was not legal. (Mot. To Strike 3, ECF No. 21.) Because these labels were originally intended for wine bottles, TWG asserts that their use on wine boxes is illegal under the TTB's rules and regulations concerning the COLA process. (Id.) However, it is not clear from the pleadings just what about this use is illegal.
///
///
///

5

1   Because the heightened pleading standard now applies, an affirmative defense must be plausible on its face. See <u>Barnes</u>, 718 F. Supp. 2d at 1172. There must be enough facts to nudge the affirmative defense across the line from conceivable to plausible. <u>Twombly</u>, 550 U.S. at 555. TTB's website contains a Wine Labeling Brochure, which discusses the purpose and importance of wine labels. <u>What You Should Know About Grape Wine Labels</u>, <u>http://www.ttb.gov/pdf/brochures/p51901.pdf.</u> From this document, the importance of the label appears to be its indication of the contents of the package. <u>Id.</u>

Since misstating contents of a package would appear to be in violation of this purpose, some evidence that the wine label misstated the contents of the wine box would be enough to make the argument plausible. However, nothing in the record indicates the contents of the bottle and box were different, or that somehow the labels misstated the contents. Instead the assertion appears to be only that a bottle label cannot be placed on a box. While it is conceivable that somewhere in the TTB's regulations simply using a label approved for a wine bottle on a wine box would be disallowed, this assertion alone does not nudge it across the line to plausible. The second affirmative defense here merely states that LR's prior use was illegal, and nothing in the record indicates anything more than an assertion of a legal conclusion.

///
///
///
///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Strike (ECF No. 21) is GRANTED with leave to amend. Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended affirmative defense not later than twenty (20) days after the date this Memorandum and Order is filed electronically.

IT IS SO ORDERED.

Dated: January 13, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE