UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WINE GROUP LLC, | No. 2:10-cv-02204-MCE-KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| L. AND R. WINE COMPANY; ALABY, LLC, | |
| Defendants. | |

----oo0oo----

Through this action, Plaintiff The Wine Group LLC ("TWG") seeks redress from Defendants L. and R. Wine Company ("LR") and Alaby LLC ("Alaby") for trademark infringement and unjust enrichment.  LR counterclaims, seeking cancellation of a trademark registered to TWG, as well as damages, declaratory, and injunctive relief for trademark infringement and unjust enrichment.  On October 10, 2010, TWG filed an initial answer to LR's counterclaim and asserted several affirmative defenses.  LR then moved to strike TWG's Second Affirmative Defense.  The Court granted LR's Motion to Strike the Second Affirmative Defense contained in TWG's initial answer.  (ECF No. 28.)

1

In response to the Court's order, TWG filed a First Amended Answer containing a more detailed version of its Second Affirmative Defense.  Presently before the Court is LR's Motion to Strike the Second Affirmative Defense contained in TWG's First Amended Answer.  (ECF No. 30.)  For the reasons set below, LR's motion is denied.[1]

**BACKGROUND**

TWG developed the first bag-in-a-box wine in 1983. (Compl. ¶ 8.) TWG initially sold the wine in five liter rectangular boxes under the brand name FRANZIA.  (Id.)  The instant dispute concerns TWG's development of a three-liter equal-sided octagonal wine box.  TWG trademarked the new box design under registration number 3,800,596 in March 2009, and began selling premium wines in the new box in early 2010.  (Id. ¶¶ 11, 14.)  In its complaint, TWG states that there was no similar wine box on the market at the time it obtained the trademark.  (Id.)

In December 2009, LR received a certificate of label approval from the Alcohol and Tobacco Tax and Trade Bureau for a margarita-flavored wine to be sold in a three-liter equal-sided octagonal box (Id. ¶ 15.)  TWG contends that LR's use of the subject box design infringes on its registered trademark.  (Id. § 22.)  However, LR contends that it developed and utilized the subject box design before TWG obtained its trademark.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1 (LR Answer ¶¶ 47-48.)  Specifically, LR states that it designed a
2 three-liter equal-sided octagonal wine box in 2007, and began
3 selling wine in the box in early 2008.  (Id.)
4     As a result of its alleged prior use of the subject box
5 design, LR claims that it has trademark priority, and
6 counterclaims for cancellation of TWG's registered trademark.
7 (Id. ¶¶ 51-58.)  In its Second Affirmative Defense to LR's
8 counterclaim, TWG alleges that any prior use of the subject box
9 design by LR was unlawful and that, as a result, LR does not have
10 trademark priority.  (Pl.'s First Am. Answer ¶ 40, ECF No. 29.)
11 In support of the Second Affirmative Defense, TWG alleges that
12 any prior use of the subject design by LR violated several
13 statutory labeling, record keeping, and reporting requirements.
14 (Id.)

**ANALYSIS**

18     The decision to grant or deny a motion to strike is
19 committed to the discretion of the Court.  Fed. Sav. & Loan Ins.
20 Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990).
21 Motions to strike are generally viewed with disfavor and are not
22 ordinarily granted.  Walters v. Fidelity Mortgage of Cal., 730 F.
23 Supp. 2d 1185 (E.D. Cal. 2010).  However, a court may strike any
24 insufficient defense from a pleading.  Fed. R. Civ. P. 12(f).  In
25 a responsive pleading, a party must "state in short and plain
26 terms its defenses to each claim asserted against it."
27 Fed. R. Civ. P. 8(b)(1)(a).  An affirmative defense is sufficient
28 if it gives the opposing party fair notice of the claim.

3

1 Wyshak v. City Nat'l Bank, 607 F.2d 824 (1979).  Where an
2 affirmative defense is clearly invalid as a matter of law, a
3 motion to strike may be granted.  Hart v. Baca, 204 F.R.D. 456,
4 457 (C.D. Cal. 2001).  However, even where an affirmative defense
5 poses a purely legal question, a court should not grant a motion
6 to strike if doing so would resolve disputed or substantial
7 questions of law.  S.E.C. v. Sands, 902 F. Supp. 1149, 1166 (C.D.
8 Cal. 1995).

9 　　　In the instant case, TWG pleads the following as its Second
10 Affirmative Defense:

> On information and belief, any use of the mark by Defendant prior to the filing date of Plaintiff's trademark application was not lawful use and is therefore not a proper basis for asserting claims against Plaintiff for the following reasons among others that may be learned during discovery: Defendant did not package or sell wine bearing the mark with a label approved by the Alcohol and Tobacco Tax & Trade Bureau as required by 27 U.S.C. § 205 (e), 27 U.S.C. § 207, 27 U.S.C. § 218 and 27 C.F.R. § 4 50 (a); Defendant did not package or sell wine bearing the mark with a label containing the mandatory health warning statement as required by 27 U.S.C. § 205 (e), 27 U.S.C. § 207, 27 U.S.C. § 215 and 27 C.F.R. § 16.1 et seq.; Defendant did not package or sell wine bearing the mark with a label containing all of the mandatory labeling elements as required by the Alcohol and Tobacco Tax and Trade Bureau, 27 U.S.C. § 205 (e), 27 U.S.C. § 207, 27 C.F.R.§ 4.32; Defendant sold wine bearing the mark at locations owned by it or a related company in the Commonwealth of Pennsylvania other than the licensed premises at which the wine was made in contravention of 40 Pa. Code § 11.11 (a); Defendant did not sell wine bearing the mark labeled in full compliance with Federal law as required by 40 Pa. Code § 13.61; Defendant did not maintain records of the purchase and sale of wine bearing the mark as required by 40 Pa. Code § 11.35 (a); Defendant did not create and maintain sales receipts and invoices showing the sales of wine bearing the mark by brand and type as required by 40 Pa. Code § 5.103 (b); and Defendant did not file and maintain reports with the Commonwealth of Pennsylvania indicating sales by brand and type as required by Pa. Code § 5.103 (c).

4

(Pl.'s First Am. Answer ¶ 40)  LR contends that TWG has failed to provide a sufficient factual or legal basis in support of the Defense.  However, TWG has provided facts sufficient to give fair notice of the claim.  TWG alleges acts of noncompliance with specific statutes and regulations related to selling and labeling wine.  As a result, LR has sufficient notice of the grounds of the Second Affirmative Defense.

 LR also contends that TWG's Second Affirmative Defense is invalid as a matter of law because it does not state any statute or regulation that would render LR's alleged prior use unlawful. Instead, LR contends that any alleged violation, even if true, would only subject LR to possible civil penalties.  However, for purposes of trademark priority, lawful use may require compliance with labeling requirements. <u>CreAgri, Inc. v. USANA Health Sciences, Inc.</u>, 474 F.3d 626, 628 (9th Cir. 2007).  As a result, TWG's defense is not clearly invalid as a matter of law. Further, any legal challenge to the legal sufficiency of the Second Affirmative Defense presents a disputed and substantial question of law that should not be resolved through a motion to strike.

///
///
///
///
///
///
///
///

5

(Pl.'s First Am. Answer ¶ 40)  LR contends that TWG has failed to provide a sufficient factual or legal basis in support of the Defense.  However, TWG has provided facts sufficient to give fair notice of the claim.  TWG alleges acts of noncompliance with specific statutes and regulations related to selling and labeling wine.  As a result, LR has sufficient notice of the grounds of the Second Affirmative Defense.

LR also contends that TWG's Second Affirmative Defense is invalid as a matter of law because it does not state any statute or regulation that would render LR's alleged prior use unlawful. Instead, LR contends that any alleged violation, even if true, would only subject LR to possible civil penalties.  However, for purposes of trademark priority, lawful use may require compliance with labeling requirements.  <u>CreAgri, Inc. v. USANA Health Sciences, Inc.</u>, 474 F.3d 626, 628 (9th Cir. 2007).  As a result, TWG's defense is not clearly invalid as a matter of law. Further, any legal challenge to the legal sufficiency of the Second Affirmative Defense presents a disputed and substantial question of law that should not be resolved through a motion to strike.

///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, LR's Motion to Strike is hereby DENIED.

IT IS SO ORDERED.

Dated: March 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE